Burke Wonnell
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: burke_wonnell@fd.org

Counsel for Defendant Luke Edward Foster

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>LUKE EDWARD FOSTER,<br><br>　　　　　　Defendant. | Case No. 3:21-cr-114 SLG MMS<br><br>**OBJECTIONS TO DRAFT R&R AT DOCKET 47** |

COMES NOW Defendant Luke Edward Foster, by and through undersigned counsel, and hereby objects to the Initial Report and Recommendation On Motion To Suppress [DKT. 36] at Docket 47 (hereinafter "the Report") as follows:

1.  The Report concludes that the warrant issued by the Court was founded upon probable cause and was sufficiently narrow.  Defendant objects to that conclusion because it ignores Defendant's argument that the government failed to sufficiently articulate how the requested search would be likely to turn up evidence that a specific individual committed the vandalism being investigated.  Specifically, the government failed to

articulate in its warrant application why it was likely that the broad seizure of data from eight separate cell towers over several hours would be narrowly tailored to provide information identifying the individual observed in the surveillance videos, as opposed to constituting a fishing expedition through the private information of numerous innocent citizens.

The tower dumps were requested from eight towers in the largest city in the state, in one case for a period of multiple hours, in busy parts of the municipality. The government did not articulate the range of any of the towers, or how the indication that a certain number showing up within that range constituted evidence that the holder had committed an offense. The government did not explain if any of the towers had overlapping coverage. The government did not explain how many contacts by separate phones were likely made with each tower during the period of time searched, or otherwise why the search was likely to lead to the suspect. The government did not support or explain the likeliness or unlikeliness that the vandal's number would be the only number showing up in the data requested, as opposed to another individual, or a number of individuals, unconnected to the incident. Since the application did not contain a sufficient basis for the Court to conclude that the warrant would be narrowly tailored and likely to lead

Case 3:21-cr-00114-SLG-MMS   Document 50   Filed 12/28/22   Page 2 of 4

to evidence of a crime, the warrant is insufficiently founded and overbroad.

2.  The Report makes the conclusory finding that even if the warrant was unlawful, the search was nevertheless valid under the _Leon_ exception because SA Oberlander acted in objective good faith.  Defendant objects to this finding because the Report ignores all of the arguments he made in anticipation of the _Leon_ issue.  See Docket 36, at 28-32.  There is no presumption of reasonableness that attaches in the execution of a warrant so facially overbroad or lacking in probable cause that good faith reliance is precluded.  See Objection 1, above. Furthermore, Defendant requested an evidentiary hearing to put Oberlander under oath, which request the Court denied, so Defendant was denied a right to confront Oberlander to ascertain actual good or bad faith.  See _Id._, at 29.  Since the Report lacked a sufficient record to make this finding, the _Leon_ exception is not available to the government.

DATED at Anchorage, Alaska this 28th day of December, 2022.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

_/s/ Burke Wonnell_
Burke Wonnell
Assistant Federal Defender
Counsel for Luke Edward Foster

<u>Certificate of Service</u>:
I hereby certify that I electronically
filed the foregoing and any
attachments with the Clerk of Court
for the United States District Court
for the District of Alaska by using
the district's CM/ECF system on
December 28, 2022. All participants in
this case are registered CM/ECF users
and will be served by the district's
CM/ECF system.

*/s/ Burke Wonnell*