# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>LUKE EDWARD FOSTER, <br><br>　　　　　Defendant. | Case No. 3:21-cr-00114-SLG |

## ORDER RE FINAL REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS

Before the Court at Docket 36 is Defendant Foster's *Motion to Suppress Evidence from Unreasonable Search*. The motion was referred to the Honorable Magistrate Judge Matthew M. Scoble. Judge Scoble held oral argument on the motion,[1] and at Docket 47 issued his *Final Report and Recommendation on Motion to Suppress* in which he recommended that the motion be denied. Defendant Foster filed objections to the *Report and Recommendation* at Docket 50; the Government did not file a response.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[2] A court is

---

[1] Docket 44.

[2] 28 U.S.C. § 636(b)(1).

to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[3] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[4]

The Magistrate Judge recommended that the Court deny the *Motion to Suppress Evidence from Unreasonable Search*. Based on the Court's review of the *Final Report and Recommendation*, the Court finds as follows:

The Court ADOPTS Sections I and II of the report, (Motion Presented and Factual History) as to which no objection was made. With respect to Section III, although no objection was made to that section, the Court declines to adopt the Fourth Amendment analysis set forth by the Magistrate Judge at pages 7 through 19 of the Final Report and Recommendation. Rather, the Court assumes, without deciding, that the Government conducted a Fourth Amendment search when it acquired Mr. Foster's cell site tower data.

Section IV addressed the validity of the June 2021 warrants. The Magistrate Judge concluded that the warrants met the statutory requirements of 18 U.S.C. § 2703(d) as well as the probable cause standard required by the Fourth Amendment. The judge then concluded that the warrants were "narrowly tailored,

---

[3] *Id.*

[4] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Case No. 3:21-cr-00114-SLG-MMS, *USA v. Foster*
Order re Final Report and Recommendation on Motion to Suppress
Page 2 of 4
Case 3:21-cr-00114-SLG-MMS   Document 51   Filed 01/11/23   Page 2 of 4

circumspect, sought no substantive communications, and was therefore a reasonable search under the Fourth Amendment."[5]

Defendant objected to this portion of the report, maintaining that "the government failed to sufficiently articulate how the requested search would be likely to turn up evidence that a specific individual committed the vandalism being investigated."[6] The Court has reviewed de novo the search warrant applications and finds that the Government did sufficiently articulate how the cell towers servicing the locations described in the applications would likely contain records of cellular activity from the phone used by the subject, based both on the applicant's training and experience, "as well as the surveillance video depicting the SUBJECT using a cellular telephone at the Anchorage Jewish Museum."[7] Accordingly, the objection to Section IV regarding the validity of the June 2021 warrants is OVERRULED and the Court adopts that portion of the report in its entirety, excepting only the last paragraph of that section, which is addressed below.

In the last paragraph of Section IV, the Magistrate Judge concluded that even if the search warrants were deemed invalid, *"Leon's* good-faith exception would nonetheless apply."[8] Defendant objected to this paragraph, asserting that

---

[5] Docket 47 at 22.

[6] Docket 50 at 1.

[7] Docket 36-2 at 19, ¶ 20.

[8] Docket 47 at 23 (citing *United States v. Leon*, 468 U.S. 897, 919-21 (1984)).

Case No. 3:21-cr-00114-SLG-MMS, *USA v. Foster*
Order re Final Report and Recommendation on Motion to Suppress
Page 3 of 4
Case 3:21-cr-00114-SLG-MMS   Document 51   Filed 01/11/23   Page 3 of 4

this "conclusory finding" is unwarranted, particularly as Defendant requested an evidentiary hearing to put the warrant applicant under oath, which request the Magistrate Judge denied.[9] In light of the Court's ruling that the search warrants are constitutionally and statutorily valid, the Court declines to adopt this analysis, as it is unnecessary to the Court's determination.

For the foregoing reasons, the Court adopts those portions of the *Final Report and Recommendation* as set forth above, and IT IS ORDERED that the *Motion to Suppress Evidence from Unreasonable Search* at Docket 36 is DENIED.

DATED this 11th day of January, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] Docket 50 at 3.

Case No. 3:21-cr-00114-SLG-MMS, *USA v. Foster*
Order re Final Report and Recommendation on Motion to Suppress
Page 4 of 4
Case 3:21-cr-00114-SLG-MMS   Document 51   Filed 01/11/23   Page 4 of 4