S. LANE TUCKER
United States Attorney

JAMES KLUGMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: james.klugman@usdoj.gov

Attorneys for Plaintiff

RECEIVED
APR 12 2023
United States Attorney's Office

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LUKE EDWARD FOSTER,<br><br>　　　　　Defendant. | No. 3:21-cr-00114-SLG-MMS<br><br>**CORRECTED PLEA AGREEMENT** |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

**I.　SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11**

　　**A.　Summary of Agreement**

　　The defendant agrees to plead guilty to the following count of the Indictment in this case: Count 2 - Possession with Intent to Distribute, in violation of 21 U.S.C.

§ 841(a)(1); and to the following counts of the Misdemeanor Information: Count 4 - Damage to Religious Property, in violation of 18 U.S.C. § 247(c); and Count 5 - Damage to Religious Property, in violation of 18 U.S.C. § 247(c). The defendant further agrees to admit Criminal Forfeiture Allegation 1. Following imposition of sentence, the United States will move to dismiss Counts 1 and 3 of the Indictment and to dismiss Criminal Forfeiture Allegation 2. The United States further agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Indictment or the Information.

The defendant will waive all rights to appeal the convictions and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the convictions and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas.

**B.    Federal Rule of Criminal Procedure 11**

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty pleas if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

1. **The defendant agrees to plead guilty to the following counts of the Information:**

Count 2: Possession with Intent to Distribute, a violation of 21 U.S.C. § 841(a)(1)

Count 4: Damage to Religious Property, a violation of 18 U.S.C. § 247(c)

Count 5: Damage to Religious Property, a violation of 18 U.S.C. § 247(c)

### B. Elements

The elements of the charge in Count 2 to which the defendant is pleading guilty are as follows:

1. The defendant knowingly possessed psilocybin; and
2. The defendant possessed it with the intent to distribute it to another person

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of psilocybin to another person, with or without any financial interest in the transaction.

The elements of the charges in Counts 4 and 5 to which the defendant is pleading guilty are as follows:

1. The defendant intentionally damaged or defaced religious property, or attempted to do so; and

U.S. v. Luke Edward Foster
3:21-cr-00114-SLG-MMS             Page 3 of 19

2. The defendant did so because of the race, color, or ethnic characteristics of any individual associated with that religious property.

C. **Factual Basis**

The defendant admits the truth of the allegations in the Indictment and the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty pleas and for the imposition of the sentence:

On May 25, 2021—the anniversary of the death of George Floyd in Minneapolis, Minnesota—Luke Edward FOSTER engaged in a spree of ideologically-targeted vandalism across the city of Anchorage. FOSTER traveled to eight different locations, and placed stickers with a swastika and the words, "WE ARE EVERYWHERE", as pictured below:



The eight target sites included, the Planned Parenthood Clinic on Lake Otis Parkway, Mad Myrna's (a bar and restaurant that describes itself as the "premier LGBTQ+ nightclub and entertainment venue in Anchorage, Alaska"), two sites on the University of

U.S. v. Luke Edward Foster
3:21-cr-00114-SLG-MMS            Page 4 of 19

Alaska Anchorage campus, a First National Bank on Piper Street, an electrical box on Dimond Boulevard and the Old Seward Highway, a vehicle belonging to a woman playing softball at Lyn Ary Park, and the Alaska Jewish Museum. The Alaska Jewish Museum is located on property in midtown Anchorage owned by the Lubavitch Jewish Center of Alaska, a nonprofit, religiously affiliated organization as defined in 18 U.S.C. § 247(f). FOSTER specifically selected the Alaska Jewish Museum as a target because of the Jewish ethnic identity of the membership.

FOSTER's vandalism received extensive coverage in Alaska media, with reports specifically identifying the fear and psychological impacts on the victim communities, and the remedial security measures they undertook. FOSTER viewed and shared these articles.

On the evening of September 14, 2021, FOSTER returned to the Alaska Jewish Museum and placed another sticker on the door. Using the sticker as a guide, FOSTER carved a swastika into the surface of the door.

In November 2021, an undercover officer contacted FOSTER via Instagram and arranged to purchase psilocybin mushrooms from him. FOSTER met with the officer on November 9 and sold him psilocybin. During the meeting, FOSTER told the officer about his firearm collection, explaining that he wanted to be able to protect the drugs in his apartment should he be raided by "twelve guys in riot gear". On November 23, agents executed a search warrant at FOSTER's apartment, firearms, thousands of dollars of drug proceeds, and additional psilocybin that FOSTER intended to distribute.

U.S. v. Luke Edward Foster
3:21-cr-00114-SLG-MMS           Page 5 of 19

Case 3:21-cr-00114-SLG-MMS   Document 59   Filed 04/13/23   Page 5 of 19

D. **Statutory Penalties and Other Matters Affecting Sentence**

1. **Statutory Penalties**

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty pleas, are as follows:

Count 2: 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute)

1) Imprisonment for up to 20 years;

2) A fine of up to $1,000,000;

3) 3 years to lifetime supervised release; and

4) A $100 special assessment.

Counts 4 and 5: 18 U.S.C. § 247(c) (Damage to Religious Property)

1) Imprisonment for up to 12 months;

2) A fine of up to $100,000;

3) Up to 1 year of supervised release; and

4) A $25 special assessment.

2. **Other Matters Affecting Sentence**

a. **Conditions Affecting the Defendant's Sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of United States Sentencing Guidelines (U.S.S.G). § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be

charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

      **b.**    **Consequences of Felony Conviction**

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

    **E.**    **Restitution**

The defendant accepts that he will be liable for restitution to the victims of his offense. The Court will determine the amount of restitution at the time of imposition of sentence.

F. **Forfeiture**

The defendant admits Criminal Forfeiture Allegation 1 of the Indictment in its entirety, including any substitute asset provisions, and that the below-described property is subject to forfeiture to the United States.

The defendant admits that his interest, if any, in the following property is subject to forfeiture to the United States as property constituting proceeds of the drug trafficking offenses of conviction pursuant to 21 U.S.C. § 853(a)(1), and/or as property that facilitated the drug trafficking offenses of conviction pursuant to 21 U.S.C. § 853(a)(2), including but not limited to:

1. A Glock 45 9mm semiautomatic pistol, serial number BUVX580;
2. A Smith & Wesson M&P 9mm semiautomatic pistol, serial number NJD6958;
3. A Ruger Mark IV .22LR semiautomatic pistol, serial number 500192526;
4. An Anderson Manufacturing AM-15 5.56mm semiautomatic rifle, serial number 21060380;
5. An Anderson Manufacturing AM-15 lower receiver, serial number 21605360;
6. A KelTec Sub-2000 G17 9mm semiautomatic rifle, serial number FFJ972;
7. A Mossberg 500 12-gauge shotgun, serial number U898557;
8. A Taurus PT111 G2 9mm semiautomatic pistol, serial number TKU37990;
9. A Romarm/Cugir WASR 10/63 7.62mm semiautomatic rifle, serial number 1971 CS2227

U.S. v. Luke Edward Foster
3:21-cr-00114-SLG-MMS           Page 8 of 19

Case 3:21-cr-00114-SLG-MMS   Document 59   Filed 04/13/23   Page 8 of 19

10. An Aero Precision lower receiver, serial number X168177;

11. A Henry lever-action rifle, serial number 618461H;

12. A GSG Firefly .22LR semiautomatic pistol, serial number F404644;

13. Associated ammunition and firearms magazines;

14. Firearms accessories; and

15. Approximately $6,980 in U.S. currency.

The defendant agrees not to file a claim or withdraw any claim already filed to any of the above-described property in any forfeiture proceeding, administrative or judicial, which has been or may be initiated by the United States. The defendant further waives the right to notice of any forfeiture proceeding involving this property, agrees not to assist others in filing a claim to said property in any forfeiture proceeding, and will take all steps as requested by the United States to pass clear title to the above-described property to the United States, including but not limited to, executing documents and testifying truthfully in any forfeiture proceeding. The defendant further agrees to cooperate to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

The defendant understands and acknowledges that the United States is relying upon his truthful asset forfeiture disclosure and cooperation in entering into this plea agreement. If the defendant understands that if he fails to cooperate or is untruthful in this regard, it will constitute a material breach of his obligations under this agreement, entitling the United States at its option to rescission.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Guidelines (U.S.S.G). as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

## C. Sentencing Recommendations

The United States Probation Office (U.S.P.O) will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties will be free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty pleas and the Court's acceptance of the defendant's pleas and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment and the Information in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty pleas or sentence are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including, any charges contained only in the original

Indictment, which charges will be automatically reinstated, as well as for perjury and false statements. The defendant hereby agrees that he waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;
- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and
- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.     Appellate Rights**

The defendant waives the right to appeal the convictions resulting from the entry of guilty pleas to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties set forth in Section II.D above in this agreement, he waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture, terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's convictions and guilty pleas, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any

dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty pleas.

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Fed. R. Crim. P. 11(f), and is effective upon the

defendant's in-court admission to the factual basis supporting the pleas. This provision applies regardless of whether the court accepts this plea agreement.

F.     **Potential Plea before Magistrate Judge**

The defendant has the right to enter a plea before a United States District Court Judge. The defendant, defense counsel, and the attorney for the Government consent to have the defendant's pleas taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the pleas of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case.

G.     **Release or Detention Pending Sentencing**

The defendant acknowledges that, because he is pleading guilty to an offense described in 18 U.S.C. §. 3142(f)(1)(C) (i.e. a Title 21 controlled substance offense for which the maximum sentence is ten years or more), once his plea of guilty is accepted by the District Court Judge, he will be required to remand into custody and will not be further eligible for release pending sentencing. As an express term of this plea agreement, the defendant agrees to abide by all of his release conditions until such time as he may be detained, and acknowledges that his failure to comply with any such condition will constitute a material breach of this agreement, and will entitle the government to rescind the agreement at its option.

## VI. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Luke Edward Foster, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my pleas. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty pleas.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of

this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my pleas. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that that I am guilty of Possession with Intent to Distribute, in violation of 21 U.S.C.

§ 841(a)(1), as charged in Count 2 of the Indictment and that I am guilty of Damage to Religious Property, in violation of 18 U.S.C. § 247(c), as charged in Counts 4 and 5 of the Misdemeanor Information. I further admit the first forfeiture allegation of the Indictment in its entirety.

DATED: 4/11/23

LUKE EDWARD FOSTER
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charges to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 4/11/23

BURKE WONNELL
Attorney for Luke Edward Foster

On behalf of the United States, I accept the defendant's offer to plead guilty under the terms of this plea agreement.

S. LANE TUCKER
United States Attorney

DATED: 4/12/23

JAMES KLUGMAN
Assistant United States Attorney