Burke Wonnell
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: burke_wonnell@fd.org

Counsel for Defendant Luke Edward Foster

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | Case No. 3:21-cr-114-SLG-MMS |
|---|---|
| Plaintiff, | |
| vs. | **SENTENCING MEMORANDUM** |
| LUKE EDWARD FOSTER, | |
| Defendant. | |

Pursuant to a plea agreement, Defendant pled guilty to one felony count of Possession With Intent To Distribute, along with two misdemeanor counts of Damage To Religious Property. While probation ultimately calculated the correct advisory guideline range of 12-18 months for the offense, it failed to correct the report in response to timely defense objections and also inaccurately reported the judiciary sentencing information. With reference to the actual data applicable to similarly situated offenders, a sentence of Time Served along with an appropriate term of supervised release is sufficient, but not

greater than necessary, to meet the statutory sentencing criteria for Foster's offense.

## I. Sentencing Factors

Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for –
  (A) the applicable category of offense committed by the applicable of defendant as set forth in the guidelines-
    (i) issued by the Sentencing Commission [. . .]
    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced [. . .]
(5) and pertinent policy statement –
  (A) issued by the sentencing commission [. . .]
  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to satisfy the purposes outlined in subsection (2). Id.

## II.  Argument

a. Advisory Guidelines

While there is no dispute over the applicable guideline range of 12-18 months, there is a dispute over how that range was calculated by probation which is material to the parity information discussed infra.  This guideline calculation is admittedly complicated by the grouping of two types of offenses which are rarely encountered in federal court: a drug offense based upon psychedelic mushrooms, and misdemeanor counts of damaging religious property.  In the draft presentence investigation report at Docket 70, probation initially miscalculated the guidelines by over-weighting the controlled substances involved and misapplying the drug conversion table in U.S.S.G. §2D1.1 Application Note 8(D), which in turn resulted in a misapplication of the grouping rules, which ultimately resulted in an incorrectly inflated guideline range.  Defendant timely objected by email.  Exhibit "A", attached.

Probation amended the presentence investigation report in response to Defendant's objections by correcting the Combined

*United States v. Luke Edward Foster*
Case No. 3:21-cr-00114-SLG-MMS                                                    Page 3

Adjusted Offense Level to 16, and correcting the Total Offense Level to 13.  Docket 71, at 18-19.  While curing the conversion rate problem, probation did not correct the report based upon the objection to the inflated weighting of the drugs, did not correct the grouping calculation to include the proper calculation of the drug guideline based upon that objection, and most importantly did not include those unresolved objections in its Addendum to the report at 27.

The report finds that "Foster is accountable for 1,070.2 grams of psilocybin mushrooms".  Docket 71, at 11.  As demonstrated by documentation supporting the objection, this weight included nine "Kapak Bags", a "Black plastic jar", two other items described simply as "Jar", a "Brown paper" bag, a "Bottle" containing pills, along with other "Small jars" and "Small bags".  Exhibit "A".  So while probation's calculation gives the impression that Foster possessed well over two pounds of psychedelic mushrooms, a large portion of that weight is composed of packaging.  Since anything "[l]ess than 1 KG of Converted Drug Weight" defaults to a base level 6, Foster's Adjusted Offense Level for that count should be 8.  See U.S.S.G. §2D1.1(c)(17).

With a correctly calculated Adjusted Offense Level of 8 for the drug count, Paragraph 38 should indicate .5 units for Count

*United States v. Luke Edward Foster*
Case No. 3:21-cr-00114-SLG-MMS                                                       Page 4

2, and a Total Number of Units of 2.5.  While this may seem inconsequential since the Combined Adjusted Offense Level at paragraph 41 remains 16, it is material when considering whether Foster's "primary guideline was §2D1.1", as opposed to §2H1.1, for calculating JSIN numbers.

b.  <u>Statutory Sentencing Criteria</u>

Foster's drug offense is dwarfed in significance by his damaging religious property misdemeanors.  While his misconduct is upsetting, a proportional sentence in line with what others convicted of the same offense have received would be time served for the length of time he has already been incarcerated.

1.  <u>Nature and Circumstances of the Offense</u>

Foster placed Nazi Swastika symbols on multiple public buildings, including a holocaust museum.  These actions generated a great deal of publicity in this community.  As a consequence of this activity, the government investigated Foster and discovered a psychedelic mushroom growing operation and numerous firearms in his residence.

2.  <u>History and Characteristics of the Offender</u>

Foster is 28 and has no prior criminal history aside from a misdemeanor committed when he was 18.  Docket 71, at 15.  He is a life-long Alaska resident, and has a steady work history since obtaining an Associate Degree in Fire Science and Emergency

*United States v. Luke Edward Foster*
Case No. 3:21-cr-00114-SLG-MMS                                            Page 5

Case 3:21-cr-00114-SLG-MMS   Document 72   Filed 07/18/23   Page 5 of 9

Management from UAF in 2017.  Id., at 17.  Following his arrest, he obtained steady employment and was promoted during that time. It is believed that he will be rehired by the same business when he has completed his sentence.  Exhibit "B", attached.

   3.   The Need To Avoid Unwarranted Sentencing Disparities

Determining a fair and just sentence in this case requires consideration of what similarly situated offenders receive for similar offenses.  To aid the Court's evaluation of this factor, the United States Sentencing Commission has made Judiciary Sentencing Information (JSIN) publicly available on its website [USSC - JSIN](). Probation has recently begun to include JSIN information in its sentencing recommendations appended to the Final Presentence Investigation Report.

Foster's report includes the following JSIN information:

> **Judiciary Sentencing Information**: During the last five fiscal years (FY2018-2022), there were 80 defendants whose primary guideline was §2D1.1 and Other was the primary drug type, with a Final Offense Level of 13 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure.  For the 57 defendants (71%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 9 month(s) and the median length of imprisonment imposed was 12 month(s).
>
>                                           Docket 71, at 3.

As indicated above, however, §2D1.1 was in no way the "primary guideline" determining Foster's guideline range.  The drug

offense constitutes either one-half unit for a base offense level 8 (correctly calculated) or one unit for a base offense level 10 (per the report), which in either case increases Foster's otherwise applicable offense level for the two misdemeanors by one level.  The "primary guideline" for Foster's offense level calculation is §2H1.1.

Inserting the proper primary guideline into the filter of the Commission's website reveals much different sentencing information than that presented in Docket 71.  Among the 21 offenders similarly situated to Foster, only 48% (10) received any jail time at all.  Within the group that received imprisonment, the average sentence was 7 months, meaning that those ten offenders in aggregate received 70 months.  Looking at the total number of months imposed (70), and dividing by the total number (not just those receiving imprisonment) of similarly situated offenders sentenced (21), results in an average sentence of less than 3 1/2 months.  It is expected that Foster will have close to that amount of time served by the date of sentencing.

Damaging religious property is necessarily an offense that inflames the passions of the community.  It is difficult to see someone placing swastikas on a holocaust museum and not feel outrage and anger.  A fair and just application of the law to

this misconduct, however, cannot occur without a calm and deliberate consideration of the laws Congress has passed to address this crime and how those laws have been applied to others. Congress has deemed that damage to religious property is a misdemeanor. Other judges imposing sentences for similar offenders have mostly imposed no time whatsoever, but the average for all similarly situated offenders is a few months. Foster is not asking for probation, which is what the majority of similarly situated offenders received for the same offense. He is simply asking for the average sentence.

### III. Conclusion

For the aforementioned reasons, the Court ought to impose a sentence of Time Served with a reasonable term of supervised release to follow.

DATED at Anchorage, Alaska this 18th day of July, 2023.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

*/s/ Burke Wonnell*
Burke Wonnell
Assistant Federal Defender
Counsel for Luke Edward Foster

<u>Certificate of Service</u>:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on July 18, 2023. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Burke Wonnell*

*United States v. Luke Edward Foster*
Case No. 3:21-cr-00114-SLG-MMS                                           Page 9

Case 3:21-cr-00114-SLG-MMS   Document 72   Filed 07/18/23   Page 9 of 9